■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACK STUBBS, Appellant. [627 NYS2d 991] —Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court dated December 20, 1993 *(People v Stubbs,* 199 AD2d 441), affirming a judgment of the Supreme Court, Westchester County, rendered May 14, 1992, on the ground of ineffective assistance of appellate counsel.

Ordered that the application is denied.

The defendant has failed to establish that he was denied the effective assistance of appellate counsel *(see, Jones v Barnes,* 463 US 745). Rosenblatt, J. P., Miller, Thompson and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON SUTTIN, Appellant. [628 NYS2d 157] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered February 4, 1993, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentencing.

Ordered that the judgment is affirmed.

The defendant contends his guilt was not proven because he was coerced by undercover officers into selling drugs. However, the officers testified that while they did call the defendant several times after meeting him, they did so only after the defendant offered to get them drugs and provided them with both his home and work telephone numbers *(see, People v Torres,* 185 AD2d 257). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.